Howell, J.
The plaintiff having judgment against Victor Gerodias issued garnishment process against Pike, Brother & Co., and to the usual interrogatories added a fourth and fifth, to wit: Fourth — Does not Victor Gerodias keep an account in your bank? Fifth — Has not Victor Gerodias a hank box or other special deposit in your hank vault or in your posession or. under yonr control, and what are the marks, numbers and value of the same and contents, and is not the same sufficient to satisfy this writ of execution ?
The day (twenty-fifth March, 1875) after the service of said interrogatories the following answers were filed.
“ Now come into court Pike, Brother & Co., bankers, through Paul Blanc, one of the firm, who, responding to the interrogatories propounded in this case, says : First, second and third interrogatories are answered under oaffi as follows: Victor Gerodias has kept an account with us but has made no deposit since the second day of January last, 1873. His account with us is closed. Interrogatory 5 — We have on special deposit a bank box in our vault, No. 1932, the property of Victor Gerodias; what may be the contents or value thereof, we know not.
Signed, PIKE, BROTHER & CO.,
By Paul Blanc.”
On seventeenth April the plaintiff moved to take the interrogatories for confessed and for judgment against the garnishees for the full amount of the writ against Gerodias, which the court refused, but suggested a rule to show cause, and the plaintiff, reserving a bill of exceptions to this ruling, took the rule on the garnishees to show cause why the interrogatories one, two, three and four should not be taken as confessed, on the ground that they have failed to answer the same.
*382 On the day fixed for hearing, the garnishees asked leave to amend and explain their answers, which was allowed, and the plaintiff excepted, because the amendments came too late and because the original answers were not responsive to the first second and third interrogatories, and the failure to answer the second and the fourth amounted to a confession, and the garnishees can not explain or contradict such confession nor amend.
The amended answers are “that they intended, in saying the account of Gerodias was closed, that said Gerodias had no funds whatever in their hands or under their control, belonging to said Gerodias or in which he had any interest at the date of the service of said interrogatories. That they intended by that answer to negatively reply to interrogatories one, two, three and four, and to say that they had no funds of said Gerodias in their hands or under their control at said date.”
There was judgment for the garnishees and plaintiff appealed.
We are of opinion that there was no error in these rulings. The garnishees evinced no disposition to refuse or neglect to answer or to prevaricate. Their original answers were not drawn as definitely as they might have been, but when read in reference to the manifest intent of the interrogatories which were addressed to bankers, they show a negative response to all the questions. When a depositor’s account with his banker is dosed, the inference is clear and irresistible that he has no funds in the hands of the banker.
Judgment affirmed.